UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TERESA HARWOOD,

Plaintiff,

v.

NORTH AMERICAN BANCARD LLC, and MARC GARDNER, jointly and severally,

Defendants.

Case No. 18-cv-12567

Hon. Paul D. Borman

Magistrate Judge Elizabeth A. Stafford

Jennifer L. Lord (P46912)
Robert W. Palmer (P31704)
Pitt McGehee Palmer & Rivers, PC
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
jlord@pittlawpc.com
rpalmer@pittlawpc.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO PELTON & FORREST P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

**Defendants' Motion in Limine to Preclude Argument That Harwood Was Discriminated Against Due to Her Gender**

Defendants North American Bancard LLC and Marc Gardner move this Court in limine for an order precluding Harwood from claiming that she was discriminated against due to her gender. In support of the motion, Defendants state:

1. This Court, in its summary judgment opinion, dismissed Harwood's claims of gender discrimination, permitting only her Title VII hostile environment claim and her retaliation claims to go to a jury.

2. Nevertheless, Harwood has indicated that she intends to argue that "evidence of gender discrimination could undercut" NAB's explanation for her termination, and should be "considered by the jury in support of [her] claim of retaliation." R. 44, Pl's Opp. to Reconsideration, Pg ID 1865.

3. Insofar as the Court dismissed Harwood's gender discrimination claim, Harwood should be barred from arguing or introducing evidence for the purpose of trying to show that she was terminated, or otherwise subject to a materially adverse action, because she was a woman.

4. Defendants now move *in limine* to exclude such evidence and argument.

5. On June 21, 2020, counsel for Defendants explained the nature of the motion and relief it would be seeking, but did not receive a response, necessitating the filing of this motion.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: /s/ *Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorney for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: June 22, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TERESA HARWOOD,

Plaintiff,

v.

NORTH AMERICAN BANCARD LLC, and MARC GARDNER, jointly and severally,

Defendants.

Case No. 18-cv-12567

Hon. Paul D. Borman

Magistrate Judge Elizabeth A. Stafford

---

Jennifer L. Lord (P46912)
Robert W. Palmer (P31704)
Pitt McGehee Palmer & Rivers, PC
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067
jlord@pittlawpc.com
rpalmer@pittlawpc.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO PELTON & FORREST P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendants' Brief In Support Of Motion in Limine to Preclude Argument That Harwood Was Discriminated Against Due to Her Gender**

In its summary judgment opinion, the Court held that Harwood abandoned her claim that she was discriminated against due to her gender. R. 40, SJ Op., Pg ID 1813-1814. As a result, the Court held that it "need only address Harwood's… claims of harassment/hostile work environment and retaliation." *Id.* at 1814. Harwood, however, has indicated that she intends to rely on alleged "evidence of gender discrimination" to "undercut" NAB's explanation for her termination, and argued that such gender discrimination evidence should be "considered by the jury in support of [her] claim of retaliation." R. 44, Pl's Opp. to Reconsideration, Pg ID 1865. The Court should disallow this, and preclude any such argument to the jury.

Courts routinely grant motions in limine, under Rule 403, to exclude argument and evidence supporting claims earlier dismissed from the case. *See, e.g.*, *Alexander v. Hoffman*, 2020 WL 2933318, at *4 (E.D. Mich. June 3, 2020) (Berg, J.) (recounting ruling that "evidence pertaining only to Plaintiff's previously dismissed claims was not relevant and would be excluded to avoid undue delay at trial"); *Parnell v. Billingslea*, 2020 WL 999017, at *2 (E.D. Mich. Mar. 2, 2020) (Drain, J.) (granting motion in limine to exclude evidence of dismissed claims); *Kellom v. Quinn*, No. 17-11084, 2019 WL 4187353, at *16 (E.D. Mich. Sept. 4, 2019) (Cox, J.) (granting motion in limine to preclude evidence or argument about claims dismissed at summary judgment); *Nemir v. Mitsubishi Motors Corp.*, 2006 WL

8433793, at *1 (E.D. Mich. Feb. 10, 2006) (Edmunds, J.) ("Discussion of dismissed claims/allegations is not admissible.")

Such a ruling would be particularly critical in this case, given the significant legal difference between a hostile environment claim—*i.e.*, that there was an "abusive working environment," *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)—and a gender discrimination case, where a plaintiff alleges that she suffered a materially adverse job action such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Spees v. James Marine, Inc.*, 617 F.3d 380, 391 (6th Cir. 2010). Harwood's claim is limited to the former, and thus she should only be able to introduce evidence and argument on the hostile environment claim, not the dismissed gender discrimination claim.

Further, Harwood's retaliation claim rests on her alleged "protected activity" of complaining about a hostile environment, rather than complaining about suffering a materially adverse job action. *See* R. 40, Pg ID 1827-28. There is thus no basis for her to raise gender discrimination claims as part of her retaliation case either. Indeed, *even if* she had complained about a materially-adverse job action as her protected activity, she still would not be able to offer evidence of the alleged gender discrimination itself, apart from her mention of the alleged discrimination in the context of her protected activity. For beyond that, evidence of the underlying alleged

discrimination would be irrelevant—or at least far more prejudicial than probative—when the only claim at issue is retaliation, not discrimination. *See, e.g.*, *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 549 (6th Cir. 2008) (holding that evidence of discrimination is not relevant in evaluating a retaliation claim); *Speedy v. RexnordCorp.*, 243 F.3d 397, 406 (7th Cir. 2001) (affirming exclusion of sex-discrimination evidence in retaliation case; such evidence is highly prejudicial as it might case the jury to "look beyond the retaliation claim" and find the defendant liable for gender discrimination). Harwood is not entitled to try to resurrect her dead gender discrimination claim, and try and get the jury to hold NAB and Gardner liable by suggesting to the jury that she did, in fact, suffer gender discrimination.

**Conclusion**

The Court should grant the motion in limine and exclude the argument and evidence cited above.

Respectfully submitted,

By: */s/ Elizabeth Hardy*
Elizabeth Hardy (P37426)
Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

Dated: June 22, 2020
373641

**Certificate of Service**

I hereby certify that on June 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com

373641