UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TERESA HARWOOD,

     Plaintiff,

v.

NORTH AMERICAN BANCARD LLC,
and MARC GARDNER, jointly and severally,

     Defendants.

Case No. 18-cv-12567

Hon. Paul D. Borman

Magistrate Judge
Elizabeth A. Stafford

---

| | |
|---|---|
| Jennifer L. Lord (P46912) | Elizabeth P. Hardy (P37426) |
| Robert W. Palmer (P31704) | Thomas J. Davis (P78626) |
| Pitt McGehee Palmer | KIENBAUM HARDY VIVIANO |
|   & Rivers, PC | PELTON & FORREST P.L.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 117 W. Fourth Street, Suite 200 | 280 N. Old Woodward Ave., Suite 400 |
| Royal Oak, Michigan  48067 | Birmingham, MI  48009 |
| jlord@pittlawpc.com | (248) 645-0000 |
| rpalmer@pittlawpc.com | ehardy@khvpf.com |
| | tdavis@khvpf.com |

---

**Defendants' Reply Brief in Support of Motion in Limine to Preclude
Argument That Harwood Was Discriminated Against Due to Her Gender**

In her response to Defendant's motion in limine to preclude argument that Harwood was discriminated against due to her gender, Harwood concedes that she "will not argue that her termination was due to her gender or seek damages for such a claim." R. 49, Pg ID 1933. And Defendants have previously acknowledged (R. 46, Pg ID 1904) that Harwood can discuss the alleged gender discrimination underlying her protected activity—which Harwood admits was her "complaint of gender discrimination on November 27, 2017." R. 49, Pg ID 1930. But Harwood's November 27, 2017 complaint was very specific: it followed heated argument between Harwood and Gardner in which he explained his reasons for excluding her from an outsourcing meeting that implicated her children's employment; she claimed she was told the reason she wasn't consulted was because she was a mom, and that when she asked if it would have been different if she was a dad, Gardner allegedly said "maybe." *See* R. 29-4, Pg ID 1291-93, Pl's Dep. 230-32.[1]

There is thus no dispute that (1) Harwood cannot claim she was terminated due to her gender; (2) that she can discuss the November 27, 2017 accusation that constitutes her protected activity; and (3) she can try to establish her harassment claim with *admissible* evidence showing harassment because of sex. It is thus

---

[1] This exchange, notably, was nearly a year after the last "sexual" incident Harwood alleges—the January 2017 event where, during a retreat in St. Maarten, her co-workers, in the pool on their own time, outside of working hours, looked at an attractive woman walking by the pool, with one unnamed coworker making a juvenile comment.

unclear why Harwood is disputing this motion, and raises the question of what, precisely, she intends to argue regarding gender discrimination.

As noted in the original motion, Harwood's gender discrimination claim—*i.e.*, that she suffered material, adverse actions—was distinct from her hostile environment claim, which rests on the aggregation of allegedly sex-based slights (like exclusion from meetings, or Gardner's talking directly to her subordinates) which are not themselves materially adverse job actions. R. 46, Pg ID 1904. Harwood has no basis to claim that she ever suffered gender discrimination in pay, promotions, reassignments, or the like, and she should be forbidden from so arguing.

And as to harassment evidence, it would be appropriate to follow a procedure implemented in a nearly-identical case by Judge Steeh where, as here, the Plaintiff wanted to introduce evidence of gender discrimination despite that claim was dismissed, because the same evidence was allegedly relevant to a sexual harassment claim. *See Marotta v. Ford Motor Co.*, No. 14-CV-11149, 2016 WL 3197425, at *6 (E.D. Mich. June 9, 2016). There, the court recognized that if "Plaintiff were to offer evidence of these [facially-neutral] incidents without offering evidence that they were motivated by anti-female animus, Defendants would likely be prejudiced," including creating a "risk that the jury would deliver a verdict against Defendants in order to punish Defendants for misconduct that does not fall within Plaintiff's sexual harassment claims." *Id.*

The court thus held that before the plaintiff could offer such evidence, she was required, outside the presence of the jury, to "proffer evidence from which a reasonable fact finder could infer that the conduct was motivated by anti-female animus. If Plaintiff fails to do so, then the Court will not allow Plaintiff to offer such evidence in support of her claims." *Id.* The same procedure is proper here, and there is no reasonable basis for Harwood to object, unless her motivation is to improperly place prejudicial evidence before the jury without evidence that it was, in fact, sex-based harassment.

Respectfully submitted,

By: /s/ *Elizabeth Hardy*
    Elizabeth Hardy (P37426)
    Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: July 14, 2020      tdavis@khvpf.com
373641

-3-

## Certificate of Service

I hereby certify that on July 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*
Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com

378489

-4-