UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TERESA HARWOOD,

     Plaintiff,

v.

NORTH AMERICAN BANCARD LLC,
and MARC GARDNER, jointly and severally,

     Defendants.

Case No. 18-cv-12567

Hon. Paul D. Borman

Magistrate Judge
Elizabeth A. Stafford

---

Jennifer L. Lord (P46912)
Robert W. Palmer (P31704)
Pitt McGehee Palmer
  & Rivers, PC
Attorneys for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, Michigan  48067
jlord@pittlawpc.com
rpalmer@pittlawpc.com

Elizabeth P. Hardy (P37426)
Thomas J. Davis (P78626)
KIENBAUM HARDY VIVIANO
PELTON & FORREST P.L.C.
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com
tdavis@khvpf.com

---

**Defendants' Reply Brief in Support of Motion in Limine Regarding
Pretrial Order Evidentiary Disputes**

## Introduction

Harwood's response to Defendants' motion in limine admits that none of the challenged exhibits are business records and effectively concedes that she should be unable to use the documents at trial before laying a foundation, in a transparent effort to delay the inevitable. Harwood offers little—and in some cases, no—explanation for how these documents might be admitted consistent with the Federal Rules of Evidence. Defendant's motion in limine should be granted.

## Argument

### I.  Harwood's purported use of the dBusiness article still depends on hearsay, and she ignores the Rule 402 and 403 reasons for exclusion.

Harwood admits that the dBusiness article is inadmissible if offered to show the truth of the matter asserted, but claims that she may use the article for the non-hearsay use of showing that she complained about gender discrimination. ECF No. 64, PageID.2434-2436. What she ignores, however, is that she did not make the statement in the dBusiness article herself. Rather, an unidentified author purported to give a facially-neutral quote from Harwood, and *then* opined (in his or her own words) that Harwood's complaint may have reflected gender discrimination.[1] ECF

_____

[1]The wording of the article distinguishes the case Harwood cites, which held that in a housing lawsuit, newspaper articles reflecting local anti-immigrant animus was not hearsay but background evidence of the "climate" in the neighborhood, whether the assertions were truthfully made or not. *Rivera v. Inc. Vill. of Farmingdale*, 29 F. Supp. 3d 121, 129-30 (E.D.N.Y. 2013). But *Rivera* also confirms that when an article is offered to show that a non-hearsay quotation was made, the article reflects the

No. 63-2, PageID.2365. To use the article itself to "prove" that Harwood complained, one would (1) need to accept as true the implicit out-of-court statement that Harwood gave the author the quoted statement—a quote that does *not* itself specify gender discrimination; and (2) need to accept as true the *author's* out-of-court statement that Harwood's quote "may" have reflected gender discrimination. Thus, Harwood's non-hearsay "complaint" is locked behind the author's hearsay.

Harwood no doubt would respond that *she* could testify that she gave the quote, that it was a gender complaint, and that she discussed the article with NAB to establish notice. Indeed, she already has. ECF No. 29-4, PageID.1478-1481. But this only confirms why the article itself should be inadmissible under Rule 403: it is unnecessary and cumulative. To be relevant as proof of "protected activity," Harwood needs to show that *she* complained of gender discrimination and that NAB knew it. Even disregarding the hearsay problem, the article itself does not establish notice to NAB, so Harwood needs testimony. The article itself adds little if anything beyond her testimony besides confirming that the article Harwood testified about exists (something not in dispute). By contrast, Defendants argued—and Harwood does not contest—that there is a significant risk that the jury will consider the article for the *substantive* hearsay accusation made by an ostensibly neutral author who

---

"implicit statement" of the article's author which is itself a hearsay obstacle that must be surmounted. *Id.* at 130-31.

made the accusation in print. *See* ECF No. 63, PageID.2349. That risk of prejudice warrants exclusion even if there is a non-hearsay use. *United States v. Adams*, 722 F.3d 788, 830–31 (6th Cir. 2013) (excluding evidence where non-hearsay use relevant "only to the extent that it corroborated testimony" but where the jury was "likely to consider the statement for the truth of what was stated").

## II.    Harwood admits that her own accusations in emails are hearsay, and her claim that they should be admitted anyway ignores that the emails are not relevant once her hearsay is omitted.

Next, Defendants argued that Harwood's statements making accusations of wrongdoing against Gardner or Haggerty were hearsay and not admissible as business records. ECF No. 63, PageID.2350-2353 (moving to exclude Trial Exhibits 117, 122, 169-174, and 176). Harwood *concedes* that these are not business records and that her own statements in them are hearsay. *See* ECF No. 64, PageID.2436-2438. She still claims that the Court should not exclude the evidence because there may be non-hearsay uses—although, except for Trial Exhibits 122, 174, and 176, she does not articulate any specific argument for those documents' admissibility. *Id.* She has thus waived her challenge to the exclusion of Exhibits 117 and 169-173.

As to Exhibits 122, 174, and 176, she claims that the portions of the emails from Gardner or other executives are non-hearsay statements of a party opponent or speculates they may be used for impeachment. But what is the relevance of those emails, absent Harwood's admittedly hearsay accusations? Apart from her

-3-

accusations in those emails, the documents reflect ordinary business discussions. And Harwood does not argue—and could not argue—that she may smuggle in her own hearsay simply because other portions of the email not written by her would otherwise be non-hearsay. *See, e.g.*, *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982) (holding that rule permitting "complete" document to be introduced does not "make something admissible that should be excluded"); *United States v. Holden*, 557 F.3d 698, 706 (6th Cir. 2009) (holding that hearsay portions of a statement remain inadmissible even when other portions are admissions of a party opponent).

Without the inadmissible portions, there is no basis to admit the documents. And if some impeachment reason arises to use the document, Harwood could raise that with the Court if that unlikely event occurs. The emails should be excluded.

## III.    The "Yikes" email is inadmissible.

Harwood next claims that Trial Exhibit 182 should not be excluded based on a perfunctory claim that the speaker, outside counsel David Greenberg, was an "agent" of NAB, or as a present-sense impression. Neither argument has merit.

*First*, Harwood fails to show that Greenberg's statements are non-hearsay admissions of a party-opponent. Contrary to what Harwood claims, NAB provided "factual support" for the proposition that he was an outside counsel and not NAB's employment lawyer when the statement was made. *See* ECF No. 63, PageID.2354 (citing record). Harwood offers no evidence to the contrary—or that any statements

-4-

by Greenberg about office gossip were statements within the scope of his agency. It is, of course, her burden to establish that a statement falls within an exception or exclusion from the hearsay rule. *United States v. Kendrick*, 853 F.2d 492, 496 n.3 (6th Cir. 1988). She has failed to meet that burden.

*Second*, Harwood's present sense impression argument—unsupported by any citation to authority—ignores that this hearsay exception requires among other things that (1) the "declarant personally perceived the event described," and (2) the "declaration is a simple explanation or description of the event." *Hoosier v. Liu,* No. 2:16-10688, 2018 WL 8345147, at \*4 (E.D. Mich. Dec. 12, 2018) (citing 5 Weinstein's Fed. Evid. § 803.03). But Greenberg did not personally witness the event that was photographed and, like Harwood, he could only speculate about what the photograph depicted. Nor is the language Harwood seeks to admit a "simple explanation or depiction" of the event—it is the same uninformed and speculative opinion of a photograph that Harwood admits would be inadmissible if she were to offer the speculation. *See* ECF No. 63, PageID.2353-2354. The email is hearsay.

**IV.   Harwood offers no basis to admit her handwritten note or emails from her subordinates.**

Finally, Harwood does not dispute that her handwritten note (Trial Exhibit 180) and emails where she asks her subordinates to rate her (Trial Exhibits 159-162) are hearsay and not business records. ECF No. 65, PageID.2439. Nor does she dispute Defendants' arguments that the documents are irrelevant on top of hearsay—

mainly intended to win the "fight" over whether her or Gardner's management style was better, despite that issue being irrelevant.

Instead, in a short and perfunctory paragraph, she claims that the Court should defer a ruling because she might be able to lay a foundation for their admission. ECF No. 64, PageID.2439. But the response brief was her time to argue for a basis to admit these documents, and she failed to do so. She has waived her response to the motion in limine on these exhibits. *See Paschal v. Flagstar Bank*, 295 F.3d 565, 581 (6th Cir. 2002) (applying waiver rule to party's failure to respond to motion-in-limine arguments). The Court should exclude the documents.

## Conclusion

The Court should grant the motion in limine and exclude the identified exhibits.

 Respectfully submitted,

By: /s/ *Elizabeth Hardy*
     Elizabeth Hardy (P37426)
     Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Ave., Suite 400
Birmingham, MI 48009
(248) 645-0000
ehardy@khvpf.com
Dated: April 8, 2022              tdavis@khvpf.com
439813

## Certificate of Service

I hereby certify that on April 8, 2022, I electronically filed this document with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ *Elizabeth Hardy*

Elizabeth Hardy (P37426)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
ehardy@khvpf.com

444718